**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-11-0000702**
**27-JUN-2012**
**08:14 AM**

NO. CAAP-11-0000702

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee,
v.
SARAH V.P. SPEARMAN, Defendant-Appellant


APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(HPD TRAFFIC NO. 1DTA-11-02146)


SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, and Leonard and Ginoza, JJ.)

Defendant-Appellant Sarah V.P. Spearman (Spearman) appeals from the "Judgment and Notice of Entry of Judgment" (Judgment) filed on August 29, 2011, in the District Court of the First Circuit (District Court).[1] Spearman was charged by complaint with Operating a Vehicle Under the Influence of an Intoxicant (OVUII), in violation of Hawaii Revised Statutes (HRS) § 291E-61(a)(1) and/or (a)(3) (Supp. 2011).[2] Prior to trial,

---

[1] The Honorable William A. Cardwell presided.

[2] HRS § 291E-61(a)(1) and (a)(3) provide as follows:

§291E-61 **Operating a vehicle under the influence of an intoxicant.** (a) A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:

(continued...)

the District Court denied Spearman's oral motion to dismiss the charge as deficient for failing to allege any mens rea.

A bench trial was held before the District Court. The District Court granted Spearman's motion for judgment of acquittal as to the violation of HRS § 291E-61(a)(3), and it found Spearman guilty of OVUII in violation of HRS § 291E-61(a)(1).

On appeal, Spearman contends that the OVUII charge was deficient because it failed to alleged that she committed the offense intentionally, knowingly, or recklessly. She therefore argues that the District Court erred in denying her motion to dismiss the complaint and in convicting her of OVUII in violation of HRS § 291E-61(a)(1).

In State v. Nesmith, Nos. SCWC-10-0000072, SCWC-30438, 2012 WL 1648974 (Hawai'i April 12, 2012), the Hawai'i Supreme Court recently held that (1) mens rea must be alleged in a charge asserting a violation of HRS § 291E-61(a)(1) in order to provide fair notice of the nature and cause of the accusation; and (2) mens rea need not be alleged (or proven) in a charge asserting a violation of HRS § 291E-61(a)(3), because the legislative intent to impose absolute liability for an HRS § 291E-61(a)(3) offense plainly appears. Pursuant to Nesmith, we conclude that Spearman's HRS § 291E-61(a)(1) charge was deficient for failing to allege mens rea.

---

2/(...continued)
    (1)    While under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty; [or]

    . . .

    (3)    With .08 or more grams of alcohol per two hundred ten liters of breath[.]

IT IS HEREBY ORDERED that the August 29, 2011, Judgment of the District Court is vacated, and the case is remanded with instructions to dismiss without prejudice the portion of the complaint alleging a violation of HRS § 291E-61(a)(1).[3]

DATED: Honolulu, Hawaiʻi, June 27, 2012.

On the briefs:

Timothy I. MacMaster
for Defendant-Appellant

Stephen K. Tsushima
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellee

Chief Judge

Associate Judge

Associate Judge

---

[3] We note that because the District Court acquitted Spearman with respect to the alleged HRS § 291E-61(a)(3) violation, the protection against double jeopardy would preclude Plaintiff-Appellee State of Hawaiʻi from reprosecuting Spearman for violating HRS § 291E-61(a)(3).